BENAVIDES, Circuit Judge,
dissenting:
The motion by Andrew Flores Cantu-Tzin (“Cantu”) for appointment of counsel and a stay of his execution pending his filing of a federal habeas petition was denied by the district court because the court found that Cantu “engaged in dilatory tactics which allowed the one-year limitations period established by the Anti-terrorism and Effective Death Penalty Act to expire.” The majority affirms that decision based on its finding that appointing counsel and granting a stay in order to address the merits of Cantu’s time-barred habeas petition would be a “wholly futile enterprise” because there is no possibility that equitable circumstances exist which might authorize a tolling of the AED-PA limitation period. Although the majority’s ultimate conclusion that Cantu’s habeas petition would be barred by AEDPA might be correct, I dissent because the majority makes this determination without Cantu having properly been granted his statutory right to the assistance of counsel.
In McFarland v. Scott, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), the Supreme Court construed 21 U.S.C. § 848(q)(4)(B), which entitles indigent capital defendants to representation on federal col *301 lateral review, as directing that “the right to appointed counsel adheres prior to the filing of a formal, legally sufficient habeas corpus petition.” Id. at 855,114 S.Ct. at 2572. Neither the Court in McFarland nor the text of § 848(q)(4)(B) conditions this right to assistance of counsel in any way, and it was improper for the district court to have denied it on the basis of Cantu’s supposed “dilatory tactics.” Furthermore, the majority’s suggestion that AEDPA’s one-year limitation period on filing habeas petitions restricts the right to assistance of counsel to defendants who file a habeas petition within the one-year period is inconsistent with our recent decision in Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998). There, we joined our sister circuits in holding that “AEDPA’s one-year statute of limitations does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.” Id. at 810. By finding that there is no right to counsel where the one-year limitation period has lapsed, the majority undermines McFarland and Davis by eliminating indigent capital defendants’ right to have counsel assist them in demonstrating the exceptional equitable circumstances that could require tolling the limitations period.
In McFarland, the Supreme Court also reaffirmed the district courts’ jurisdiction to stay executions because “the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant’s habeas claims.” McFarland, 512 U.S. at 858, 114 S.Ct. at 2573. The Court provided an exception to the general rule that an execution must be stayed to provide time for adequate representation by counsel where “a dilatory capital defendant inexcusably ignores this opportunity and flouts the available processes.” Id. at 858, 114 S.Ct. at 2573. Nonetheless, the majority errs by finding that the district court could properly apply that exception to this case without first appointing counsel to represent Cantu or conducting an evidentiary hearing. First, by improperly denying Cantu the assistance of counsel, the district court denied him the opportunity to present the strongest legal arguments that he had neither been dilatory nor flouted the available habeas procedures. Without the benefit of having such arguments before it, the district court was unable to assess properly whether Cantu’s failure to file an earlier habeas petition was inexcusable or not. Second, without holding an evi-dentiary hearing, the district court could not properly find that Cantu either had been dilatory or had flouted the available habeas procedures. Of the three attorneys that represented Cantu in his state post-conviction proceedings, two were dismissed solely upon motion by the attorney. The third, Ingalsbe, was dismissed upon Cantu’s request, but the record suggests that Ingalsbe failed to make any substantial steps toward filing any habe-as relief on behalf of Cantu. Although there is evidence that Cantu did agree to represent himself pro se instead of continuing to be represented by Ingalsbe or another attorney from Abilene, several motions filed by Cantu after Ingalsbe was dismissed indicated that Cantu still desired to be represented by counsel. Less than a year lapsed from the filing of the last of these motions in state court until Cantu filed his motion in federal court for the appointment of counsel and a stay of his execution. Without an independent inquiry into the facts underlying these events, it was an abuse of discretion for the district court to have presumed that Cantu was being inexcusably dilatory and was flouting the habeas procedures instead of reasonably seeking representation and assistance in filing for habeas relief.
The Supreme Court has noted that “[d]is-missal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty.” Lonchar v. Thomas, 517 U.S. 314, 324, 116 S.Ct. 1293, 1299, 134 L.Ed.2d 440 (1996). For that reason, it is improper for this court to deny Cantu’s single chance at federal collateral review of his state death penalty conviction without ensuring that he had a sufficient opportunity to be assisted by counsel in seeking that review. Refusing him such assistance undermines his statutory right under 21 U.S.C. § 848(q)(4)(B), ignores prior precedent of the Supreme Court, undermines a prior decision of this Court, and ultimately *302 denies Cantu due process under the law. I would grant Cantu the stay of execution and remand this case to the district court for him to be appointed counsel solely for the purpose of defending against the state’s claim that his habeas corpus petition would be time barred. Only by allowing Cantu to have counsel on the issue of limitations can it be assured that his right to have counsel assist him in this, his first federal habeas corpus challenge to a death penalty conviction, will not be infringed.